IN THE UTAH COURT OF APPEALS

----ooOoo----

| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110436-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 27, 2012) |
| Kelly Robbennolt, | ) | |
| | ) | 2012 UT App 209 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 091401782
The Honorable Darold J. McDade

Attorneys:      Taylor C. Hartley, American Fork; and William H. Nebeker, Provo, for
                Appellant
                Mark L. Shurtleff and Laura B. Dupaix, Salt Lake City, for Appellee

-----

Before Judges McHugh, Thorne, and Roth.

¶1      Kelly Robbennolt appeals his conviction of forgery after a bench trial.  We affirm.

¶2      "When reviewing a bench trial for sufficiency of evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made."  *State v. Larsen*, 2000 UT App 106, ¶ 10, 999 P.2d 1252 (internal quotation marks omitted).  When challenging the sufficiency of the evidence to support a conviction, a defendant "must marshal all of the evidence in support of the trial court's findings of fact and then demonstrate that the evidence, including all reasonable inferences drawn therefrom, is insufficient to support the findings."  *Id.* ¶ 11 (citation omitted).  To meet the marshaling burden, Robbennolt was required to "present, in comprehensive and

fastidious order," all of the evidence presented at trial supporting the findings he now resists. *State v. Clark*, 2005 UT 75, ¶ 17, 124 P.3d 235.

¶3     Robbennolt fails to meet this burden. Instead, he merely presents some evidence favorable to him that he argues conclusively establishes that he had authority to give a partial deed of trust to the victim. This does not constitute marshaling. *See id.* Further, in finding Robbennolt guilty of forgery, the trial court necessarily relied on the direct witness testimony and did not give weight to the evidence as Robbennolt presents it. Testimony established that Robbennolt's authority to issue partial deeds of trust was limited to a specific need to correct errors for particular investors. He did not have authority to grant additional interests in the subject property or encumber it further. The evidence supports the trial court's conclusion that Robbennolt lacked the authority to grant the partial deed of trust and that he acted with the purpose to defraud. Accordingly, his challenge to the sufficiency of the evidence fails.[1]

¶4     Affirmed.

_____
Carolyn B. McHugh,
Presiding Judge

_____
William A. Thorne Jr., Judge

_____
Stephen L. Roth, Judge

---

[1]Robbennolt also asserts that the trial court's comment in finding him guilty precluded finding the element of intent. However, the trial court clearly found that Robbennolt had the intent to defraud and the comment singled out by Robbennolt is out of context.